PATRICK HORGAN *vs.* CHARLES BICKERTON *et als.*

A conveyance by one tenant in common of his interest in a specific portion of the common estate is good as against his cotenant, provided effect can be given to it without prejudice to the rights of the latter.

In the case at bar, partition could be made only by a sale and a division of the proceeds.

*Held*, that as partition was not of the land, but of the proceeds of the sale, the conveyance of the one cotenant should be recognized as valid, since the interests of the other could not be prejudiced by it.

In the case at bar, the proceeds of the sale were held distributable in shares, determined by fractions whose common denominator was the total number of square feet in the estate, and whose numerators were respectively the number of square feet held by the one cotenant, and the number of square feet conveyed by the other.

BILL IN EQUITY for partition. Heard on bill and answer.

*Newport, September* 28, 1891. MATTESON, C. J. This is a bill in equity for partition by sale of a certain lot of land situated in Newport, and bounded and described as follows, viz.: Westerly on Thames Street, forty-two and $\frac{95}{100}$ feet; southerly on Mill Street, fifty-two and $\frac{12}{100}$; easterly on land of the Wilbur estate, fifty and $\frac{43}{100}$ feet; and northerly on land of the respondent, Bickerton, fifty-two and $\frac{1}{10}$ feet, on which there is a dwelling-house covering almost the entire land, with two stores in the first story, and a small one-story shop in the rear of the dwelling-house. The cause was heard on bill and answer. The parties disagree as to their interests in the premises, the controversy between them being with reference to two ninths of that part of the premises conveyed by Eliza Carr and Catherine Cox, each being seized of an undivided ninth, to Nathan Hammett, by a quitclaim deed without covenants, dated September 13, 1856. In this the premises conveyed were described as "the store numbered     on the east side of Thames Street, and in the building situate on the corner of said Thames and Mill streets in said Newport, which said store is now occupied by John H. Cozzens, together with all our right, title, and interest in and to the land upon which the same is situate, including as a part of the said store the office or room out from the southeast corner of the

main room." Subsequently, Eliza Carr, by deed dated September 18, 1868, conveyed all her right, title, and interest in the entire premises to Sarah E. Stevens. Catherine Cox, also, by deed dated May 24, 1876, conveyed all her right, title, and interest, in the entire premises, subject to certain reservations not material in this connection, to the respondent, Louisa M. Bickerton. Whatever interest in the premises, if any, was conveyed by the deed first referred to from Eliza Carr and Catherine Cox to Nathan Hammett, has passed by mesne conveyances to the complainant; and whatever interest was conveyed by Eliza Carr to Sarah E. Stevens by the deed secondly referred to has passed by mesne conveyances to the respondents, Charles and Louisa M. Bickerton.

The respondents claim that, under the deed from Eliza Carr and Catherine Cox to Nathan Hammett, only the right, title, and interest of the grantors in the store, and the office or room out from the southeast corner of the main room, and the land under the store and said office, were intended to be conveyed; that as the condition of the *locus* at the date of the deed in 1856 was the same as it is now, and as it is conceded that the premises cannot be divided by metes and bounds, the right, title, and interest which each tenant had in the premises was the right to take proceedings to have a sale made for the purpose of partition, or, in other words, that neither Eliza Carr nor Catherine Cox had any interest in the store then occupied by John H. Cozzens, and the land on which the same was situate, which they could convey in fee; that their release of their right, title, and interest was only valid until such time as a sale of the whole estate for the purpose of partition should be made; and that they could do no act to prejudice the right of their cotenants, William M. Carr and Sarah C. Carr, to have a sale of the whole estate made for the purpose of partition.

The complainant at the hearing conceded that all that passed under the deed in question was the store and the land under the store, so far as the grantors had an interest in it, but he maintained that the deed was a valid and effectual conveyance of their interest, and he further contended that the answer did not show that at the date of the deed the building was divided as shown upon the plat submitted by the respondent.

There are authorities to the effect that one tenant in common

cannot as against his cotenant, without the latter's assent, convey a part of the common property in severalty by metes and bounds, though such conveyance would be valid and effectual as against himself and all persons claiming under him. The reason is, that such a conveyance impairs the rights of the cotenant in respect to partition, since, instead of giving the cotenant his share in one parcel by a single partition, it might result in requiring him to have several partitions, and to take his share in as many distinct parcels. But there are authorities, also, perhaps as numerous, which hold that a conveyance by one tenant in common is good as against his cotenant, provided effect can be given to it without prejudice to the rights of the cotenant, and this is the doctrine recognized by this court in *Crocker* v. *Tiffany*, 9 R. I. 505, 512. *Cessante ratione legis, cessat ipsa lex.* If effect would be given to a conveyance by one tenant in common of his interest in a specific portion of the common property, when it can be done without prejudice to the rights of the cotenant, there would seem to be no good reason why, if the common estate is one of which partition can only be made by sale, we should not give effect to the conveyance, since in such case, the partition being not of the land, but of the proceeds of the sale, no injury can result to the cotenant, who, in the division of the proceeds, would receive his full share of the money. We, therefore, so hold.

We are of the opinion that partition should be made by a sale of the premises, which contain, according to the plat submitted, two thousand four hundred forty-six square feet; and that the proceeds of sale, after deducting the costs and expenses of partition, should be divided into two parts, the first of which shall contain as many two thousand four hundred forty-sixths as there are square feet in the portion of the premises conveyed by the deed in question, and the second of which shall contain the residue of such proceeds.

That the first of said parts should be distributed and paid as follows : —

To Susan C. Clarke, mortgagee, so far as may be required for the payment of the mortgage held by her, eighty-four one hundred and eightieths ($\frac{84}{180}$), and the residue, if any, of said eighty-four one hundred and eightieths ($\frac{84}{180}$), to the said Patrick Horgan.

To the Island Savings Bank, mortgagee, so far as may be re-

quired for the payment of the mortgages held by it, ninety-six one hundred and eightieths ($\frac{96}{180}$), and the residue, if any, of said ninety-six one hundred and eightieths ($\frac{96}{180}$), as follows: To the said Charles Bickerton, eighty-one one hundred and eightieths ($\frac{81}{180}$); to the said Louisa M. Bickerton, fifteen one hundred and eightieths ($\frac{15}{180}$).

That the second of said parts should be distributed and paid as follows: —

To Susan C. Clarke, mortgagee, so far as may be required for the payment of the residue of the mortgage held by her, if any, after the payment aforesaid, sixty one hundred and eightieths ($\frac{60}{180}$); and the residue of said sixty one hundred and eightieths ($\frac{60}{180}$) to the said Patrick Horgan.

To the Island Savings Bank, mortgagee, so far as may be required for the payment of the residue of the mortgages held by it, if any, after the payment aforesaid, one hundred and twenty one hundred and eightieths ($\frac{120}{180}$), and the residue, if any, as follows: To the said Charles Bickerton, seventy-five one hundred and eightieths ($\frac{75}{180}$); to the said Louisa M. Bickerton, forty-five one hundred and eightieths ($\frac{45}{180}$).

If the parties are unable to agree as to the area of the land conveyed by the deed in question, the cause may be referred to a master to ascertain and report the same to the court.

After this opinion had been given, the respondent Bickerton filed a motion for a reargument.

*Samuel R. Honey* for respondent, Bickerton.

This is the case of a conveyance by one tenant in common of his right, title, and interest in a specific portion of the common subject. The effect of the opinion of the court is to change that conveyance into a certain fractional interest in the *whole* common subject.

The court derives its power to order sale of lands for purposes of partition from statute, and not from its general chancery powers. Bispham on Equity, § 493. And, this being so, whence does it derive jurisdiction to convert the grant of a specific parcel of land described by metes and bounds, portion of a larger lot, into a fraction of the whole lot? *Bailey* v. *Sisson*, 1 R. I. 233, 236. It will

be found that the cases which uphold the right of a tenant in common to convey his interest in a specific portion of the common subject, by metes and bounds, are either, *first*, those in which the grantee subsequently acquired the title of the other tenant in common to the specific portion, or, *second*, those in which, on partition by metes and bounds, the specific portion fell to the tenant in common who had made the conveyance, or, *third*, those in which the tenant in common, so conveying his interest in the specific portion, afterwards conveyed to the same grantee (before partition by metes and bounds) the remainder of his interest in the common subject, thus constituting his grantee a tenant in common of the whole common subject, or, *fourth*, those in which the common subject consisted of two or more separate and distinct parcels, of one of which the grantor conveyed all his right, title, and interest.

See the cases decided in the various States, as follows: *Porter v. Hill*, 9 Mass. 34; *Perkins et al. v. Pitts*, 11 Mass. 125; *Bartlett v. Harlow*, 12 Mass. 348; *Varnum v. Abbot et al.* 12 Mass. 474; *Baldwin v. Whiting et al.* 13 Mass. 57; *Rising et al. v. Stannard*, 17 Mass. 282; *Blossom et al. v. Brightman*, 21 Pick. 283; *Blossom v. Brightman et al.* 21 Pick. 285; *Nichols v. Smith*, 22 Pick. 316; *Peabody v. Minot*, 24 Pick. 329; *Brown v. Bailey*, 1 Metc. 254; *Adam & Others v. Briggs Iron Co.* 7 Cush. 361; *Phillips v. Tudor*, 10 Gray, 82; *Tainter v. Cole*, 120 Mass. 162; *Holcomb v. Coryell*, 11 N. J. Eq. 548; *Boston Franklinite Co. v. Condit & Torrey*, 19 N. J. Eq. 394; *Crook v. Vandevoort*, 13 Neb. 505; *Griswold v. Johnson*, 5 Conn. 363; *Hartford & Salisbury Ore Co. v. Miller*, 41 Conn. 112; *Marsh v. Holly*, 42 Conn. 453; *Stevens v. Town of Norfolk*, 46 Conn. 227; *Stevens v. Battell*, 49 Conn. 156; *Goodwin v. Keney*, 49 Conn. 563; *Staniford v. Fullerton*, 18 Me. 229; *Duncan v. Sylvester*, 24 Me. 482; *Soutter v. Porter*, 27 Me. 405; *Crocker v. Tiffany*, 9 R. I. 505; *Green v. Arnold*, 11 R. I. 364, 367, 368; *Robinett v. Preston's Heirs*, 2 Robinson, Va. 273; *McKee v. Barley*, 11 Gratt. 340; *Cox et als. v. McMullin*, 14 Gratt. Va. 82, 84; *Lessee of Whyte v. Sayre*, 2 Ohio, 110; *Treon's Lessee v. Emerick*, 6 Ohio, 391; *Reinicker v. Smith*, 2 Har. & J. 421; *Sneed's Heirs v. Waring*, 2 B. Mon. 522; *Jewett's Lessee v. Stockton*, 3 Yerg. Tenn. 492; *Scott v. The State*, 1 Sneed, Tenn. 629; *Jeffers v. Radcliff*, 10 N. H. 242;

*Great Falls Co.* v. *Worster,* 15 N. H. 412; *Smith* v. *Knight,* 20 N. H. 9; *Mussey* v. *Holt,* 24 N. H. 248; *Whitton* v. *Whitton,* 38 N. H. 127; *Ballou* v. *Hale,* 47 N. H. 347; *Challefoux* v. *Ducharme,* 4 Wisc. 551; *Shepardson* v. *Rowland,* 28 Wisc. 108; *Mattox* v. *Hightshue,* 39 Ind. 95; *Elliott* v. *Frakes,* 90 Ind. 389; *Markoe* v. *Wakeman,* 107 Ill. 251–262; *Holt* v. *Robertson,* 1 Mc-Mull. Ch. S. Car. 475; *McKey* v. *Welch,* 22 Tex. 390; *Dorn* v. *Dunham,* 24 Tex. 366; *Good* v. *Coombs,* 28 Tex. 34; *March* v. *Huyter,* 50 Tex. 243; *Cameron* v. *Thurmond,* 56 Tex. 22; *Rector* v. *Waugh,* 17 Mo. 13; *Primm* v. *Walker,* 38 Mo. 94, 97; *Barnhart* v. *Campbell,* 50 Mo. 597; *Jackson* v. *Livingston,* 7 Wend. 136; *Stark* v. *Barrett,* 15 Cal. 361; *Gates* v. *Salmon,* 35 Cal. 576; *Smith* v. *Benson,* 9 Vt. 138; *Bigelow* v. *Topliff,* 25 Vt. 273; *Campau* v. *Godfrey,* 18 Mich. 27; *Butler* v. *Roys,* 25 Mich. 53; *Bell* v. *Adams,* 81 N. C. 118; *Lamb* v. *Wakefield,* 1 Sawyer, 251.

In *Great Falls Co.* v. *Worster,* 15 N. H. 412, the court, after citing the Massachusetts cases with approval, remarks: "It has been suggested that if the deeds to Fernald and Miller are not good in severalty, they may be good for such proportion of the lot as the thirty and one hundred tracts bear to the whole lot; but this cannot be as against the plaintiffs, the other tenants in common. They are not conveyances of so many acres of the whole undivided, nor can they be made to operate as if they were so. They cannot be extended so as to include lands not contained in their boundaries."

In *Stark* v. *Barrett,* 15 Cal. 361, the court, differing with the doctrine laid down in Connecticut and Vermont, and arguing strongly in favor of supporting as far as possible a grant of a specific portion of an estate held in common by one of the tenants in common, said: "Such grantees would acquire interests *liable indeed to be destroyed by sales* under the judgments, or the result of the legal proceedings, but, until such destruction, capable of being enforced against intruders and trespassers."

The ancient common law rule was, that tenants in common are such as hold by unity of possession, because none knoweth his own severalty and they occupy promiscuously.

It resulted from this that the conveyance of a specific portion of

the common subject by one tenant in common was void, because breaking this unity of possession.

In *Gates* v. *Salmon*, 35 Cal. 590, the court said : —

" Sufficient attention has not usually been given to the position occupied by the tenant in common after a conveyance of a specific parcel of the general tract. *He is often mentioned as a tenant in common of the general tract, but this is not true in any sense nor for any purpose.*"

In *Soutter* v. *Porter*, 27 Maine, 405, the court, in a very ably considered opinion, alluding to a conveyance by a tenant in common of a specific part of the common subject, and speaking through Shepley, J., said : —

" The law will give effect to that conveyance so far as it may do so consistently with a preservation of the entire rights of the cotenant, and no farther. It may prove to be effectual to convey the title of the grantor to his grantee, or it may not. That must depend upon a fact yet to be ascertained, whether the estate so conveyed by metes and bounds shall, upon partition of the premises, be assigned to the right of the grantor or his assignee. Upon so much of the estate as may be hereafter thus assigned, that conveyance embracing it may operate and convey the title of the grantor to the grantee.

"*If no part should be thus assigned, it will prove to be wholly inoperative.*

" *Such a conveyance of a tenant in common cannot in any event operate contrary to the expressed declarations and intentions of the parties to convey an estate in common instead of an estate in severalty.*

" While the law, for the purpose of making a deed operative, will give it such a construction that it may if possible convey by any legal mode of conveyance *the estate intended to be conveyed, it will not permit such a construction as would convey an estate of a different kind or description from that intended to be conveyed.*"

There are no cases decided in any State in which there appear any views in conflict with those which are expressed in this able opinion.

Inasmuch, therefore, as the deed of Carr and Cox to Hammett of September 13, 1856, if sustained, must produce one of two results, that is to say, either to induce this court to permit it to " operate

contrary to the expressed declarations and intentions of the parties "
by giving it effect as a conveyance of a fractional interest in the
*whole* common subject, whilst by its terms it conveys only an inter-
est in a specific *part* of the common subject, or to permit the grantee
in the deed, Nathan Hammett, or his assigns, to pray for a sepa-
rate sale of the specific part for purposes of partition, which would
obviously operate to the prejudice of the other tenants in common,
see cases cited *supra*, the deed must be declared inoperative as
soon as a sale of the whole common subject is ordered.

*William P. Sheffield & Francis B. Peckham*, for complainant.

*Providence, June* 4, 1892.    MATTESON, C. J.    Counsel for the
respondents, Bickerton, has reargued the question decided in the
opinion of the court September 28, 1891.    He contends that the
effect of that opinion is to change the conveyance which was con-
sidered in it from a conveyance of the right, title, and interest of
the tenants in common making it, in a specific portion of the com-
mon property, to a certain fractional interest in the *whole* of that
property, and states that the court aims to accomplish that result
by ascertaining the area of the specific portion and then computing
the ratio which that area bears to the area of the whole, and allow-
ing the grantee to take the fractional share, thus ascertained, in
the proceeds of the sale of the common property.

Counsel seems to have entirely misconceived the effect of the
opinion.    The effect of that opinion is not to change the convey-
ance, as is stated ; it gives to the grantee in the deed, not an inter-
est, fractional or other, in the whole of the common property, or
in a specific part of it, but merely a share of the proceeds of the
sale of that property, measured by the interest in the specific por-
tion of the property conveyed to him in the deed, it being conceded
that partition cannot be made by metes and bounds, but must
be by sale.

Counsel has cited numerous cases in relation to conveyances by
tenants in common of a specific portion of the common property
by metes and bounds, which he claims establish certain classes of
cases as the only cases in which such conveyances will be upheld,
and he contends that the conveyance in the present case does not
fall within either of these classes.    With reference to these cases
we deem it necessary only to refer, as we did in our former opinion,

to the rule recognized by this court in *Crocker* v. *Tiffany*, 9 R. I. 505, 506, 512, which seems to us the true rule as to the extent to which such conveyances should be upheld. That rule is, that the conveyance will be sustained provided effect can be given to it without prejudice to the rights of the cotenant. Our decision rested upon the conceded fact that partition in the present instance could be made only by sale, and not by metes and bounds. It is quite possible that if partition was to be made by metes and bounds, that effect could not be given to the deed without prejudice to the rights of the cotenants, in which event it could not be sustained. But where the partition can be made advantageously only by sale, we see no difficulty in giving effect to the deed by a division of the proceeds, without prejudicing the rights of any one ; especially in a case in which the lot to be sold is a small parcel, containing only 2,446 square feet, no part of which is more valuable than another, since the entire lot is none too large for the erection of a desirable building for business or other uses.

Counsel also criticises the opinion because it disregarded the existence of the building covering the whole of the specific portion, but not the whole lot. It is true that we did not take into account this building. It was not suggested, either in the answer or in argument, that the building was of any particular value, and it did appear from the evidence submitted that it was a very old structure ; it did not occur to us that it was regarded by the parties as of any value for the purpose of sale. The omission to take it into account, however, if an error, was an error resulting to the advantage of the respondents, Bickerton, since their share of the proceeds arising from the sale would be increased by the two ninths of the proceeds of the portion of the building specifically conveyed by the deed, in which they have no interest. If it is desired, provision can be made in the decree for an appraisal of the building for the purpose of sale, and for a division of its value among the parties according to their interests.